As stated in the suit of Oncale v. Landry, 37 So.2d 395, this is a suit by Mrs. Alcee J. Gautreaux against the same defendants in which she seeks to recover $23,350 for loss of love, companionship, and affection, future support and funeral expenses for the death of her son, Alcee Gautreaux, who was killed as a result of the automobile collision which has been fully discussed in the above referred to case. This amount also includes a claim of $500, the value of the Austin car which was destroyed.
Judgment was rendered in favor of the plaintiff and against both defendants, insolido, in the sum of $10,000.00, together with legal interest from date of judicial demand until paid and for all costs. The defendants have appealed from this adverse *Page 406 
judgment and plaintiff has answered the appeal and prayed that the judgment be affirmed on the merits but amended so as to be increased to the sum of $15,000.
For the reasons stated in the suit of George T. Oncale against the same defendants, we are of the opinion that the negligence of the defendant Ulysee Landry was the proximate cause of the accident and that Alcee Gautreaux was free of any negligence, and, therefore, both defendants are liable to the plaintiff in this case.
As found by the District Judge, the plaintiff has failed to prove the value of the Austin automobile. However, the record reveals that the deceased son contributed to his mother's support approximately the sum of $50 per month. She was, at the time of his death, approximately 57 years of age. Alcee Gautreaux, her son, was unmarried and lived with her and, from the record, was evidently a young man of good character and attentive to his mother and would take her to church, picture shows and in the car with him. While the record reveals that she had a small grocery store, it also shows that the stock of merchandise amounted to approximately only $200. According to the record, the deceased was practically, if not entirely, her sole support other than this small business.
Plaintiff has proven funeral expenses of $350 and is entitled to judgment in that amount.
We are of the opinion that the judgment of the District Court should be reduced. Taking into consideration the facts in this case and the decreased value of the American dollar, we feel that an award to the plaintiff, Mrs. Alcee J. Gautreaux, for loss of love, companionship, affection and support in the sum of $8500 would be proper, with an additional amount of $350 as Funeral expenses.
It is accordingly ordered that there be judgment in favor of plaintiff and against the two named defendants, insolido, in the sum of $8,850 together with legal interest from judicial demand and all costs in both courts.
As thus amended, the judgment of the District Court is hereby affirmed.